# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TERRICK NOONER, ADC #000926**                                                          **PLAINTIFF**

v.                                **Case No. 4:19-cv-00389-KGB**

**STATE OF ARKANSAS,** *et al*.                                                  **DEFENDANTS**

## ORDER

Before the Court is the status of this case. Plaintiff Terrick Nooner is currently incarcerated at the Varner Supermax Unit of the Arkansas Department of Correction. On June 3, 2019, Mr. Nooner, proceeding *pro se*, filed a motion for leave to proceed *in forma pauperis* and a complaint in the United States District Court for the Eastern District of Texas (Dkt. Nos. 1, 3). That same day, Mr. Nooner also filed a motion to appoint counsel and a motion for a preliminary injunction (Dkt. Nos. 2, 4). Leave to proceed *in forma pauperis* was granted, and an initial partial filing fee was assessed, on June 5, 2019 (Dkt. No. 6).[1] The case was subsequently transferred to this Court, except that Mr. Nooner's claims against the State of Texas were severed and kept in the Eastern District of Texas (Dkt. Nos. 7, 8). Mr. Nooner names as defendants the State of Arkansas, the United Nations Security Council, former Craighead County Municipal Judge Bill Webster, 22 United States District Judges for the Eastern and Western Districts of Arkansas, and the Craighead County Circuit Court (Dkt. No. 1).

**I. Screening**

---

[1] This Court notes that, in the Eastern District of Arkansas, Mr. Nooner has previously been designated as a three-striker under the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e, and had claims dismissed without prejudice based on this classification and his failure to pay the statutory filing fee. *See Nooner v. Miller*, No. 4:19CV00194 SWW (E.D. Ark. Mar. 29, 2019).

Under the Prison Litigation Reform Act of 1996, the Court is obligated to screen Mr. Nooner's complaint and dismiss the case, in whole or in part, if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). While the court must accept as true all well-pleaded facts in the complaint, *see Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013), it need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement," *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

The Court recognizes that, in evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, it holds "a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even with this construction, however, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

In his complaint, Mr. Nooner asserts flaws in a 1993 state-court criminal case, in which he was sentenced to death, and seeks immediate release from the custody of the Arkansas Department of Correction and "liquidated compensation." (Dkt. No. 1, at 4). Without commenting on the merits of the allegations in Mr. Nooner's complaint, the Court finds that the claims raised therein should be dismissed due to this Court's lack of jurisdiction insofar as Mr. Nooner's claims constitute a successive habeas petition; a successive habeas petition must be certified by the appropriate court of appeals before the petition may be considered by a district court. *See Boykin v. United States*, 242 F.3d 373 (8th Cir. 2000) (citing 28 U.S.C. §§ 2255, 2244(b)).[2] To the extent Mr. Nooner asserts other claims that are non-habeas claims, those claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), as a judgment in Mr. Nooner's favor on the allegations he presents would "necessarily imply" the invalidity of his criminal conviction. In *Heck*, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

---

[2] Mr. Nooner has attempted to file a successive habeas petition against some of these same defendants; that case was also dismissed. *See Nooner v. Miller*, No. 4:19-CV-00210-BRW (E.D. Ark. Mar. 27, 2019).

*Id.* at 486–87 (footnote omitted). Here, each of the claims that Mr. Nooner raises in his complaint, if successful, would "necessarily imply" the invalidity of his conviction or sentence. As such, and because Mr. Nooner has not alleged that his conviction or sentence has already been invalidated, his claims are barred by the *Heck* doctrine.

In light of these deficiencies, the Court will not direct service of Mr. Nooner's complaint at this time and will instead dismiss without prejudice his claims.

## II. Motion To Appoint Counsel

Mr. Nooner has filed a motion to appoint counsel (Dkt. No. 2). Although the Court recognizes the difficulties that may be encountered by a *pro se*, non-lawyer plaintiff, "*pro se* litigants have neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). "Instead, district courts may appoint counsel in such cases if convinced that an indigent plaintiff has stated a non-frivolous claim, and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citation and internal quotation marks omitted). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Here, the Court does not believe that the interests of justice require the appointment of counsel. Therefore, the Court denies Mr. Nooner's motion to appoint counsel (Dkt. No. 2).

## III. Motion For A Preliminary Injunction

Before Mr. Nooner's complaint was screened, he filed a motion for a preliminary injunction (Dkt. No. 4). In determining whether to issue a preliminary injunction, the Court must weight: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). "A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). "A district court has broad discretion in ruling on requests for preliminary injunctions," *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013), and the court of appeals "will reverse only for clearly erroneous factual determinations, an error of law, or an abuse of that discretion," *Med. Shoppe Int'l, Inc. v. S.B.S. Pill Dr., Inc.*, 336 F.3d 801, 803 (8th Cir. 2003) (quoting *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998)).

Here, the Court finds that, on the limited record before it, Mr. Nooner is not entitled to a preliminary injunction. "In deciding whether to grant a preliminary injunction, 'likelihood of success on the merits is most significant.'" *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 776 (8th Cir. 2012) (quoting *Minn. Ass'n of Nurse Anesthetists v. Unity Hosp.*, 59 F.3d 80, 83 (8th Cir. 1995)). Mr. Nooner's conclusory, one-page motion for a preliminary injunction does not establish that he is likely to succeed on the merits of any of his claims, and the Court dismisses without prejudice his claims for the legal reasons explained. Accordingly, the

Court determines that Mr. Nooner is not entitled to the extraordinary remedy of a preliminary injunction and denies Mr. Nooner's motion for a preliminary injunction (Dkt. No. 4).

**IV.　Conclusion**

In sum, the Court denies Mr. Nooner's motion to appoint counsel and motion for a preliminary injunction (Dkt. Nos. 2, 4). The Court dismisses without prejudice Mr. Nooner's claims. The relief requested is denied.

It is so ordered this 19th day of March, 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge